UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALEX MACDONALD,

        Petitioner,

v.                                      CASE NO. 2:06-cv-10784
                                       HONORABLE ARTHUR J. TARNOW

DOUG VASBINDER,

        Respondent.
_____/

**ORDER OF DISMISSAL**

      Petitioner Edward Alex MacDonald, a state prisoner currently incarcerated at Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.  The petition alleges that Petitioner was convicted in 1996 of operating a motor vehicle under the influence of intoxicating liquor and of absconding on bond.  He was sentenced as a habitual offender on November 4, 1996, to imprisonment for a minimum of six years and eight months and to a maximum term of ten years.

      While incarcerated, Petitioner was charged with violating prison rules.  He claims that most of the violations amounted to minor misconduct and that prison officials improperly classified his behavior as major misconduct.  He also claims that the misconduct proceedings were conducted pursuant to illegally amended administrative rules.  He seeks to have his misconduct records expunged, because the adjudications resulted in the forfeiture of disciplinary credits, which extended his incarceration beyond

*MacDonald v. Vasbinder,* No. 2:06-cv-10784

his scheduled discharge date of July 1, 2004.

State prisoners must "fairly present" their claims to the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2002). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when such review is part of the state's ordinary appellate review process. *O'Sullivan*, 526 U.S. at 845-47. Michigan prisoners must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Petitioner alleges that he raised his claims in a complaint for the writ of habeas corpus in Gogebic County Circuit Court. The complaint was dismissed on February 23, 2005, and reconsideration was denied on March 9, 2005. Petitioner has not alleged or otherwise shown that he raised his claims in the Michigan Court of Appeals and in the Michigan Supreme Court. Thus, he has failed to exhaust state remedies for his claims, and his habeas petition is summarily DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
                                              United States District Judge

Dated: April 28, 2006

*MacDonald v. Vasbinder,* No. 2:06-cv-10784

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2006, by electronic and/or ordinary mail.

<u>s/Catherine A. Pickles</u>
Judicial Secretary